**FILED**

MAY 0 4 2006

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

RE:                                    )
                                       )
Vineyard Village Association.          )    Case No.  95-31830
                                       )
              Debtor                   )

## ORDER TO RELEASE UNCLAIMED FUNDS

IT APPEARING  THAT, AN AMOUNT  OF  $7,379.92 constituting  unclaimed funds due to Ronald J. Motta, Trustee for the Cleo F. Sirianni Trust  in the  above  referenced  case,  are being  held  in  the  Court's registry account of unclaimed  funds  or  on  deposit  with  the  United States Treasury according to Title 11 of the U.S. Code, section 347 (a).

IT ALSO APPEARING THAT, Keys Research, Attorney-in-fact for Ronald J. Motta, Trustee for the Cleo F. Sirianni Trust has furnished all  necessary  documentation  and  otherwise  has complied  with  the  requirements  for  release  of  unclaimed  funds,  including  all  applicable provisions of 28 U.S.C. Section 2042.  A Power of Attorney granting authority to petition the court to collect funds on behalf of the above referenced creditor has been filed.

THEREFORE, IT IS HEREBY ORDERED THAT, the Clerk of Court shall pay the unclaimed funds in the amount of $7,379.92 to the order of the following:

Ronald J. Motta, Trustee for the Cleo F. Sirianni Trust.
c/o Keys Research
23630 SE 440th Street
Enumclaw, WA 98022

Dated: MAY 0 4 2006 _____

_____
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

RE:

VINEYARD VILLAGE ASSOC.                    CASE #  95-31830

APPLICATION FOR PAYMENT OF UNCLAIMED FUNDS

CLEO F. SIRIANNI, TRUSTEE OF FAMILY TRUST, Creditor in this case, hereby
petitions the Court for the release of $7,379.92 being held in the registry of this court as
unclaimed funds. A dividend check in the amount totaling $7,379.92 was not negotiated by
CLEO F. SIRIANNI, TRUSTEE OF FAMILY TRUST. The Trustee, pursuant to 11
U.S.C. Section 347(a), delivered the unclaimed funds to the Clerk, US Bankruptcy Court.

Applicant further states that:

1. Applicant has entered into an agreement or otherwise represents the creditor in this
application. The terms and conditions of such agreement are attached as an original Agent
Authorization from the individual creditor or the duly authorized representative for the
business or Corporation.

2. Applicant has made sufficient inquiry and has no knowledge that this claim is currently
pending before the Court, or that any party other than the applicant is entitled to submit an
application for this claim.

3. Applicant is corresponding with Ronald Motta, alternate Trustee for the Estate of Cam &
Cleo Sirianni. Both Cam & Cleo Sirianni are deceased, as well as the original appointed
Trustee for the Estate, Ida Foti. The current address and phone number for Ronald Motta is
P.O. Box 2, Arnold, CA 95223 (209) 795-3761 (see enclosed documentation)

4. The undersigned certifies under penalty of perjury, that the attachments submitted in
support of this application are filed in good faith and are intended to recover funds
rightfully owed the creditor.

Dated:  11/15/04                    _____
                                    Charlene J. Keys dba Keys Research
                                    23630 SE 440th Street
                                    Enumclaw, WA 98022

EDWARD F. TOWERS
1255 Post St., Ste. 508
San Francisco, Ca 94109
Telephone: (415)775-5157

Trustee in Bankruptcy

FILED

JAN 2 3 1999

KEENAN G. CASADY CLERK
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| In re | ) Case No. 95 3 1830 T T |
| | ) |
| VINEYARD VILLAGE ASSOCIATES, | ) Chapter 7 |
| | ) **NOTICE OF UNCLAIMED** |
| Debtor(s) | ) **DIVIDENDS** |

TO THE CLERK, UNITED STATES BANKRUPTCY COURT:

Pursuant to Federal Rule of Bankruptcy Procedure 3011, the trustee in the above captioned case hereby turns over to the court, unclaimed dividend in the amount of $10,161.45. The name(s) and address(es) of the claimants entitled to the unclaimed dividends are as follows:

| Claim No. | Name & Address of claimant | Claim Amt. | Dividend Amt. |
|---|---|---|---|
| | Surgical Group PC Employees<br>Retirement Plan for JT Davis<br>6027 Walnut Grove Rd.<br>Suite 305<br>Memphis, TN 38120 | $40,000 | $2,781.53 |
| | Cleo Sirianni<br>Family Trust<br>7304 Oak Leaf Drive<br>Santa Rosa, Ca 95409 | 20,000. | 7,379.92 |
| Total Unclaimed Dividends | | | $10,161.45 |

DATED: January 26, 1999

*Edward B. Towers*

EDWARD F. TOWERS,
Chapter 7 Trustee

NOTICE OF UNCLAIMED DIVIDEND

# Agent Authorization

**I(We) do hereby grant to Charlene J. Keys dba Keys Research,** my true and lawful Agent for me and in my name, place and stead, giving unto my Agent full power to do and perform all and every act that I may legally do through an Agent, for the following limited purpose and for no other:

> **To reclaim, recover and return unclaimed funds in the amount of $7,379.92 only, less agreed upon fee, to the signatory below.**

I(We) do hereby grant my Agent every power necessary to carry out the limited purposes for which this Agent Authorization is granted.

I(We) do state under penalty of perjury that all copies of supporting documents provided in support of this claim are true and lawful copies of the original documents.

The rights, powers, and authority of my Agent herein granted shall commence and be in full force and effect from the date I sign this Agent Authorization and such rights, powers, and authority shall remain in full force and effect thereafter until revoked in writing, or until funds are until collected. The duly executed authorization does hereby annul, cancel, revoke, and terminate all rights, powers, and authorities and privileges set forth in any previously signed Power Of Attorney.

SIGNED _____

DATED _10/29/04_     Ronald J. Motta for the Cleo F. Sirianni, Trustee
                                        Type or print name

## NOTARY ACKNOWLEDGMENT

State_____, County of_____

ACKNOWLEDGED before me on this date_____, by the Individuals described above and holding the position designated in this instrument, and who has appeared before me to acknowledge the execution thereof to be of his/her free act and deed.

NOTARY     _____
SEAL             NOTARY PUBLIC
                  My commission expires_____
                  State and County_____

STATE OF CALIFORNIA          }ss
COUNTY OF _Calaveras_ }

On _10-29-04_ , before me, _Joy Littman_ the
undersigned, a Notary Public in and for said State,  personally
appeared,
_Ronald J. Motta_ ,
personally known to me (or proved on the basis of satisfactory
evidence) to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed
the same in his/her/their capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s) or the entity upon behalf
of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature:

JOY LITTMAN
Commission # 1342868
Notary Public - California
Calaveras County
My Comm. Expires Feb 9, 2006

# *Keys Research*

**Abandoned Funds Investigation & Recovery**
23630 Southeast 440th, Enumclaw, WA 98022
360-825-7300
Fax 360-825-5482

## PROOF OF SERVICE BY U.S. MAIL

KEYS RESEARCH declares that on November 15, 2004, a letter was directed to U.S. Attorney, for the Northern District of California in compliance with U.S. Bankruptcy Court procedures of notification and was placed for delivery with the U.S Postal Service in Enumclaw, Washington for the following case:

Case #       : 95-31830
DEBTOR       : VINEYARD VILLAGE ASSOC.
CREDITOR  : CLEO F. SIRIANNI, TRUSTEE OF FAMILY TRUST
Amount       : $7,379.92

I declare under penalty of perjury under the United States of America the foregoing is true and correct.

DATED  11/15/04                     BY: _____
                                              Charlene Keys, Attorney-in-fact
                                              Keys Research
                                              23630 SE 440TH Street
                                              Enumclaw, WA 98022
                                              (360) 825-7300

**Important:** The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified.

## Locator Report

**Locator Report**
**Date:** 11/15/04

**Report Legend:**
♡ - Shared Address
𝒟 - Deceased
✔ - Probable Current Address

## Subject Information:

**Name:** CAMILLO E SIRIANNI  𝒟  DOB:05/28/1905 DOD:08/00/1982
**SSN:** 700-14-▮▮▮▮
**Age at Death:** 77 (Born 99 years ago)

## Names Associated With Subject:

𝒟 C E SIRIANNI 700-14-xxxx  DOB: 05/28/1905 DOD: 08/00/1982 Age at Death: 77 (Born 99 years ago)

## Others Associated With Subjects SSN:

(DOES NOT usually indicate any type of fraud or deception)
[None Found]

## Phone Summary:

Resident(s) at Previous And Non-Verified Address(es):
    (415) 451-0120 - MONUMENTAL ARTISTRY
    (707) 539-6252 - LEBOWITZ ANNE
Possible Neighbors:
    (415) 485-0524 - INGRASCI CHARLES
    (415) 454-3963 - CAVANEY SARAH
    (415) 454-8937 - STORMS RICHARD
    (415) 785-8754 - JONES STEPHANIE
    (415) 455-9914 - KELLOW ROBT. J & ANASTASIA
    (707) 539-6252 - LEBOWITZ ANNE
    (707) 539-2983 - WRIGHT JAMES
    (707) 539-4764 - COTTON M W BILL
    (707) 539-1364 - MUELLER OTTO DR & BEVERLY
    (707) 538-2692 - STARR RICHARD & JUDITH
    (707) 539-4549 - BERGMAN GREGORY
    (510) 769-0699 - LAU EVELYN
    (510) 521-9444 - JOHE D
    (510) 748-0632 - DONALDSON RICHARD M

## Previous And Non-Verified Address(es):

C E SIRIANNI - 15 SCENIC AVE, SAN ANSELMO CA 94960-2231, MARIN COUNTY (Sep 1995 - May 2003)
    MONUMENTAL ARTISTRY  (415) 451-0120

C E SIRIANNI - 7304 OAK LEAF DR, SANTA ROSA CA 95409-6206, SONOMA COUNTY (Jul 1993 - Aug 1994)
    LEBOWITZ ANNE  (707) 539-6252

CAMILLO E SIRIANNI - 336 BROADWAY, ALAMEDA CA 94501-6329, ALAMEDA COUNTY (Jan 1983)

## Neighbors:

Neighborhood:
    15 SCENIC AVE, SAN ANSELMO CA 94960-2231, MARIN COUNTY (Oct 1995 - May 2003)

Address(es):
✔ 14 SCENIC AVE, SAN ANSELMO CA 94960-2232, MARIN COUNTY
    INGRASCI CHARLES  (415) 485-0524

**Important:** The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified.

## Locator Report

**Locator Report**
**Date:** 11/15/04

**Report Legend:**
ᔓ - Shared Address
𝒟 - Deceased
✔ - Probable Current Address

## Subject Information:

**Name:** IDA C FOTI 𝒟  DOB:07/26/1917 DOD:04/07/2002
**SSN:** 546-0▮
**Age at Death:** 84 (Born 87 years ago)

## Others Associated With Subjects SSN:
(DOES NOT usually indicate any type of fraud or deception)
[None Found]

## Phone Summary:
Resident(s) at Previous And Non-Verified Address(es):
(415) 451-0120 - MONUMENTAL ARTISTRY
Possible Relatives:
(415) 453-4511 - FOTI S
(415) 453-5819 - FOTI WM. E
(415) 893-9094 - FOTI THOMAS
(415) 884-2171 - FOTI TASH
Possible Neighbors:
(415) 485-0524 - INGRASCI CHARLES
(415) 454-3963 - CAVANEY SARAH
(415) 454-8937 - STORMS RICHARD
(415) 785-8754 - JONES STEPHANIE
(415) 455-9914 - KELLOW ROBT. J & ANASTASIA
(707) 939-9923 - MORAVEC C
(707) 996-3614 - MORAVEC VINEYARDS
(707) 938-3114 - PERRY KEN & SUSIE
(707) 935-9057 - NELES KEN TRUCKING
(707) 938-1489 - NELES KENNETH L
(707) 939-6657 - NELES KENNETH L
(707) 939-6760 - NELES KENNETH L
(707) 935-0254 - ORTEGA PATTI
(707) 935-6267 - MARTIN B & K

## Previous And Non-Verified Address(es):
IDA C FOTI - 15 SCENIC AVE, SAN ANSELMO CA 94960-2231, MARIN COUNTY (Aug 1975 - Oct 2004)
MONUMENTAL ARTISTRY  (415) 451-0120

IDA FOTI - 21832 BONNESS RD, SONOMA CA 95476-9232, SONOMA COUNTY (Feb 1989)

## Possible Relatives:
STEVE J FOTI 563-84-xxxx  DOB: 01/20/1950 Age: 54
Active Address(es):
✔180 CAMINO DE HERRERA, SAN ANSELMO CA 94960-1355, MARIN COUNTY (Jun 1993 - Jul 2004)
FOTI S  (415) 453-4511

WILLIAM EDWARD FOTI 550-62-xxxx  DOB: 05/23/1944 Age: 60
Active Address(es):
✔78 BISCAYNE DR, SAN RAFAEL CA 94901-1561, MARIN COUNTY (Feb 1994 - Oct 2004)
FOTI WM. E  (415) 453-5819

**95-31830** Vineyard Village Assoc.
**Case type:** bk **Chapter:** 7 **Asset:** Yes **Vol:** v **Judge:** Thomas E. Carlson
**Date filed:** 05/18/1995
**Date terminated:** 03/15/2000 **Date of last filing:** 03/15/2000

# Parties

**Amresco Management, Inc.**
*Added: 06/01/1995*
*(Creditor)*

represented by

**Robert B. Kaplan**
Frandzel, Robins, Bloom and
Csato
100 Pine St. 26th Fl.
San Francisco, CA 94111-5212
(415) 788-7400
*Assigned: 06/01/95*
*LEAD ATTORNEY*

**Gerald W. Bachecki**
120 Montgomery St. #1500
San Francisco, CA 94104
(415) 398-3534
*Added: 09/11/1996*
*(Accountant)*

**Bachecki, Crom and Co.**
120 Montgomery St. #1500
San Francisco, CA 94111
(415)
*Added: 09/06/1996*
*(Accountant)*

**Richard A. Borrison**
*Added: 11/10/1997*
*(Creditor)*

**R. Ken Coit**
*Added: 01/27/1997*
*(Creditor)*

**Fifty eight and three quarters
percent**
*Added: 12/16/1997*
*(Creditor)*

represented by

**Lynn Anderson Koller**
Law Offices of Lynn Anderson
Koller
810 N Camino Santiago #35
Tucson, AZ 85745
(520) 792-2388
*Assigned: 12/16/97*
*LEAD ATTORNEY*

**Gastroenterology Assoc. Of The East
Bay Med Group, Inc.**

Case: 95-31830    Doc# 389    Filed: 05/04/06    Entered: 05/09/06 14:30:17    Page 9 of
31

# STATE OF CALIFORNIA
## DEPARTMENT OF HEALTH SERVICES

94-043497

**CERTIFICATE OF DEATH**
STATE OF CALIFORNIA
USE BLACK INK ONLY/NO ERASURES, WHITEOUTS OR ALTERATIONS

3-1994-49-000913

| STATE FILE NUMBER | | LOCAL REGISTRATION NUMBER |

**DECEDENT PERSONAL DATA**

| 1. NAME OF DECEDENT—FIRST (Given) | 2. MIDDLE | 3. LAST (FAMILY) |
|---|---|---|
| Cleo | Felicia | Sirianni |

| 4. DATE OF BIRTH MM/DD/CCYY | 5. AGE YRS | IF UNDER 1 YEAR MONTHS/DAYS | IF UNDER 24 HOURS HOURS/MINUTES | 6. SEX | 7. DATE OF DEATH MM/DD/CCYY | 8. HOUR |
|---|---|---|---|---|---|---|
| 10/09/1906 | 87 | | | F | 03/29/1994 Fnd | 0923 |

| 9. STATE OF BIRTH | 10. SOCIAL SECURITY NO. | 11. MILITARY SERVICE | 12. MARITAL STATUS | 13. EDUCATION —YEARS COMPLETED |
|---|---|---|---|---|
| OR | 572-64 | X None | Widowed | 12 |

| 14. RACE | 15. HISP | | 16. USUAL EMPLOYER |
|---|---|---|---|
| White | | X | Self Employed |

| 17. OCCUPATION | 18. KIND OF BUSINESS | 19. YEARS IN OCCUPATION |
|---|---|---|
| Homemaker | Own Home | 55 |

**USUAL RESIDENCE**

| 20. RESIDENCE—STREET AND NUMBER OR LOCATION |
|---|
| 7304 Oak Leaf Drive |

| 21. CITY | 22. COUNTY | 23. ZIP CODE | 24. YRS IN COUNTY | 25. STATE OR FOREIGN COUNTRY |
|---|---|---|---|---|
| Santa Rosa | Sonoma | 95409 | 27 | California |

**INFORMANT**

| 26. NAME, RELATIONSHIP | 27. MAILING ADDRESS |
|---|---|
| Ida C. Foti, Sister-in-law | 15 Scenic Ave, San Anselmo, CA 94960 |

**SPOUSE AND PARENT INFORMATION**

| 28. NAME OF SURVIVING SPOUSE—FIRST | 29. MIDDLE | 30. MAIDEN NAME |
|---|---|---|
| | | |

| 31. NAME OF FATHER—FIRST | 32. MIDDLE | 33. LAST | 34. BIRTH STATE |
|---|---|---|---|
| Unknown | Unknown | Unknown | Unknown |

| 35. NAME OF MOTHER—FIRST | 36. MIDDLE | 37. LAST NAME | 38. BIRTH STATE |
|---|---|---|---|
| Unknown | Unknown | Hadeen | Unknown |

**DISPOSITION**

| 39. DATE MM/DD/CCYY | 40. PLACE OF FINAL DISPOSITION | |
|---|---|---|
| 04/01/1994 | Mt. Shasta Memorial Park, Mt. Shasta | Not Embalmed |

**FUNERAL DIRECTOR AND LOCAL REGISTRAR**

| 41. TYPE OF DISPOSITION | 42. EMBALMER | 43. LIC NO. |
|---|---|---|
| Cr/Bu | Not Embalmed | - |

| 44. NAME OF FUNERAL DIRECTOR | 45. LICENSE NO. | 46. SIGNATURE OF LOCAL REGISTRAR | 47. DATE MM/DD/CCYY |
|---|---|---|---|
| Lafferty&Smith Colonial Chapel | FD-356 | Henry R. Hendrix | 03/31/1994 |

**PLACE OF DEATH**

| 101. PLACE OF DEATH | 102. IF HOSPITAL | 103. IF OTHER THAN HOSPITAL | 104. COUNTY |
|---|---|---|---|
| Found in Residence | | | Sonoma |

| 105. STREET ADDRESS | 106. CITY |
|---|---|
| 7304 Oak Leaf Drive | Santa Rosa |

**CAUSE OF DEATH**

| 107. DEATH WAS CAUSED BY | TIME INTERVAL BETWEEN ONSET AND DEATH | 108. DEATH REPORTED TO CORONER |
|---|---|---|
| IMMEDIATE CAUSE (A) | | X YES  NO |
| DUE TO (B) | Mins. | 94-0498 |
| Valvular Heart Disease | 6 Yrs. | 109. BIOPSY PERFORMED |
| DUE TO (C) | | YES  X NO |
| | | 110. AUTOPSY PERFORMED  YES  X NO |
| | | 111. USED IN DETERMINING CAUSE  YES  X NO |

| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RELATED TO CAUSE GIVEN IN 107 |
|---|
| Hypertension |

| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? IF YES, LIST TYPE OF OPERATION AND DATE. |
|---|
| No |

**PHYSICIAN'S CERTIFICATION**

| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE AND PLACE STATED FROM THE CAUSES STATED. | 115. SIGNATURE AND TITLE OF CERTIFIER | 116. LICENSE NO. | 117. DATE MM/DD/CCYY |
|---|---|---|---|
| DECEDENT ATTENDED SINCE MM/DD/CCYY: 01/07/1988 | LAST SEEN ALIVE MM/DD/CCYY: 03/22/1994 | G306040 | 03/30/1994 |

| 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS |
|---|
| Stephen Halpern, MD 4740 Hoen Ave-Santa Rosa, CA 95405 |

**CORONER'S USE ONLY**

| 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE AND PLACE STATED FROM THE CAUSES STATED. | 120. INJURY AT WORK | 121. INJURY DATE MM/DD/CCYY | 122. HOUR | 123. PLACE OF INJURY |
|---|---|---|---|---|
| | | | | |

| 119. MANNER OF DEATH | 124. DESCRIBE HOW INJURY OCCURRED (EVENTS WHICH RESULTED IN INJURY) |
|---|---|
| NATURAL  SUICIDE  ACCIDENT  PENDING INVESTIGATION  COULD NOT BE DETERMINED | |

| 125. LOCATION (STREET AND NUMBER OR LOCATION AND CITY AND ZIP CODE) |
|---|
| |

| 126. SIGNATURE OF CORONER OR DEPUTY CORONER | 127. DATE MM/DD/CCYY | 128. TYPED NAME, TITLE OF CORONER OR DEPUTY CORONER |
|---|---|---|
| | | |

**STATE REGISTRAR**

| A  B  X  2 | C  D  E  F | G  H | FAX AUTH # | CENSUS TRACT |
|---|---|---|---|---|

This is to certify that this document is a true copy of the official record filed with the Office of Vital Records.

MICHAEL J. RODRIAN
STATE REGISTRAR OF VITAL RECORDS

04 NOV -2 PM 1:10
DATE ISSUED

*I00052735*

The seal on this document is printed with deprintable ink on security paper with the signature of the Registrar.
ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE



**CALIFORNIA**
DRIVER LICENSE

EXPIRES 11-27-07    D052          CLASS:C

RONALD JOSEPH MOTTA

SEX:M        HAIR:WHT
HT:5-07    WT:170    DOB

# DECLARATION OF TRUST

CAMILLO E. SIRIANNI and CLEO F. SIRIANNI, Husband and Wife, of Santa Rosa, California, declare that:

## ARTICLE I:  DECLARATIONS

1. ### Conveyance to Trustee

They have transferred and delivered to the Trustee without consideration the property described in Exhibit "A" (Community Property of the Grantors); Exhibit "B" (Separate Property of Husband, if any), and Exhibit "C" (Separate Property of Wife, if any), hereto attached, in Trust upon the terms and conditions set forth.

2. ### Identity of Husband, Wife, and Grantors

As used in this Declaration of Trust:

(a) The term "Husband" shall mean CAMILLO E. SIRIANNI;

(b) The term "Wife" shall mean CLEO F. SIRIANNI;

(c) The term "Grantors" shall refer collectively to Husband and Wife.

3. ### Designation of Trustee

During their lifetime, Husband and Wife shall be the Co-Trustees (hereinafter referred to as Trustee). Should either Trustee at any time, be unable or unwilling to serve, the surviving Grantor shall thereafter serve as the sole Trustee.

4. ### Additions to Trust

The Grantors, either of them, or any other person, may from time to time add other property acceptable to the

Case: 95-31830   Doc# 389   Filed: 05/04/06   Entered: 05/09/06 14:30:17   Page 12 of 31

Trustee to the Trust Estate by conveyance, assignment, transfer, or by Will. Such property when received and accepted by the Trustee shall become part of the Trust Estate and be subject to all terms and provisions of this Declaration of Trust.

5. Community Property to Remain Community Property

All property now or hereafter conveyed or transferred to the Trustee to be held by the Trustee pursuant to this Declaration which was community property, quasi-community property, or separate property at the time of such conveyance or transfer, shall remain respectively, community property, quasi-community property, or the separate property of the Grantor transferring such property to the Trustee.

It is the Grantors' intention that the Trustee shall have no more extensive power over any community property transferred to the Trust Estate than either of the Grantors would have had under California Civil Code, Sections 5124, 5125, and 5127, had this Trust not been created, and this instrument shall be so interpreted to achieve this intention. This limitation shall terminate on the death of either Grantor.

6. Rights of the Grantors

The Grantors during their joint lifetime or during the lifetime of the survivor of them shall have the following rights, to be exercised from time to time by a writing or writings executed by the Grantors and delivered to the Trustee.

A. To revoke this instrument entirely and to receive from the Trustee all of the Trust Property. In the

Case: 95-31830    Doc# 389    Filed: 05/04/06    Entered: 05/09/06 14:30:17    Page 13 of
31

event of such revocation, the whole or part of the community or separate property shall revert to both or either Grantor as their interest demands.

        B.  From time to time to alter or amend this instrument in any particular.

        C.  From time to time to withdraw from the operation of this trust any part or all of the Trust Property.  In the event of such withdrawal, the whole or part of the community or separate property shall revert to both or either Grantor as their interest demands.

## ARTICLE II:  DISTRIBUTION DURING GRANTORS' LIFETIME

### 1.  Net Income to Grantors

        The Trustee shall pay to or apply for the Grantors' use and benefit all of the net income during the lifetime of both Grantors or during the lifetime of the survivor of them. Such installments shall be made at least quarterly and for such amounts as the Grantors or the survivor of them shall direct.

### 2.  Invasion of Principal of Trust

        In addition to the net income, the Trustee shall pay to or apply for the Grantors' use jointly or to the survivor of them, so much of the principal as the Grantors or the survivor of them requests in writing.  In the event of illness or incapacity of either or both of the Grantors, such additional amounts of principal may be paid to or applied for the benefit of both or either of the Grantors as the Trustee deems necessary

-3-

Case: 95-31830   Doc# 389   Filed: 05/04/06   Entered: 05/09/06 14:30:17   Page 14 of 31

in its discretion without having to observe any rule or precept of equality between them. The rights of the remaindermen shall be considered of secondary importance.

## ARTICLE III: PAYMENT OF EXPENSES

Upon the death of either Grantor, the Trustee shall, at his sole discretion, pay out of the principal of the Trust Estate at the written request of the legal representative of the Grantor's Probate Estate, if any, such sums as such representative shall state to be necessary for the payment of Federal Estate, State Inheritance, Income, Property taxes, final illness and funeral expenses resulting from Grantor's death; to the extent these items cannot be paid out of funds outside the Trust Estate.

The Trustee shall not be required or expected to investigate as to the validity of the amounts of any demands made by the said representative.

The Trustee shall have at his sole option the discretion to use insurance proceeds for the payment of either Grantor's last illness and funeral expenses, attorneys' fees, and other probate expenses.

## ARTICLE IV: DISTRIBUTION UPON DEATH OF THE SURVIVING SPOUSE

Upon the Surviving Spouse's death this trust shall become irrevocable and the Trustee shall divide the Trust Estate into two (2) equal shares and distribute them as hereinafter provided.

A. The Trustee shall distribute one (1) such equal share as follows:

-4-

Case: 95-31830   Doc# 389   Filed: 05/04/06   Entered: 05/09/06 14:30:17   Page 15 of 31

(1) Thirty-one (31%) percent thereof to the SISKIYOU HUMANE SOCIETY OF Dunsmuir-Mt. Shasta, California, or its successor in interest, free of trust;

(2) Thirty-one (31%) percent thereof to the SANTA ROSA HUMANE SOCIETY of Santa Rosa, California, or its successor in interest, free of trust;

(3) Twenty-three (23%) percent thereof to the SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS of San Francisco, California, or its successor in interest, free of trust;

(4) Fifteen (15%) percent thereof to MRS. THELMA RANDOLPH of 5128 Rhode Island Drive, Sacramento, California, free of trust, provided she survives the Surviving Spouse, and if she does not said portion shall be distributed to the above named charities, or their successors in interest, on a pro-rata basis.

B. The Trustee shall distribute the other equal share as follows:

(1) The sum of $1,000 each to MRS. SAL FOTI of San Anselmo, California; MRS. MARILYN MOTTA of Freemont, California; and MR. DAVID SIRIANNI of Chico, California.

(2) Thirty-six (36%) percent thereof to MR. AND MRS. WILLIAM WAMSLEY of 1961 Meadow Brook Drive, Redding, California, or the survivor of them, free of trust. However, if neither of them survives the Surviving Spouse then said portion shall be distributed to the other beneficiaries named in this Paragraph B. on a pro-rata basis.

(3) Forty-six (46%) percent thereof to AMERIGO F. SIRIANNI of 6006 Butterfly Avenue, Dunsmuir, California, or his surviving issue, free of trust. If neither he nor any of his issue survive the Surviving Spouse, then said portion shall

-5-

be distributed to the other beneficiaries named in this Paragraph B. on a pro-rata basis.

(3) Nine (9%) percent thereof to the building and maintenance fund of the ST. JOHN'S CATHOLIC CHURCH of 5625 Shasta Avenue, Dunmuir, California, or its successor in interest, free of trust.

(4) Nine (9%) percent thereof to the building fund of the DUNSMUIR CITY LIBRARY of Dunsmuir, California, or its successor in interest, free of trust.

## ARTICLE V: POWERS OF THE TRUSTEE

In order to carry out the provisions of the trusts created by this instrument, the Trustee shall have these powers in addition to those now or hereafter conferred by law:

(a) To invest and reinvest funds in every kind of property, real, personal, or mixed, and every kind of investment, specifically including but not limited to, puts, calls and options whether for cash, credit or on margin and also including corporate obligations of every kind, stocks, preferred or common shares of investment trusts, investment companies, and mutual funds, and mortgage participations, life insurance policies on the life of any beneficiary, that men of prudence, discretion, and intelligence acquire for their own account.

(b) To continue to hold any property, including any shares of the Trustee's own stock and to operate at the risk of the Trust Estate any business that the Trustee receives or acquires under the Trust as long as the Trustee deems advisable.

-6-

Case: 95-31830    Doc# 389    Filed: 05/04/06    Entered: 05/09/06 14:30:17    Page 17 of 31

c) To have all the rights, powers and privileges of an owner with respect to the securities held in trust, including but not limited to, the powers to vote, give proxies, and pay assessments; to participate in voting trusts, pooling agreements, foreclosures, reorganizations, consolidations, mergers and liquidations, and incident to such participation to deposit securities with and transfer title to any protective or other committee on such terms as the Trustee may deem advisable; and to exercise or sell stock subscription or conversion rights.

d) To manage, control, grant options on, sell (for cash or on deferred payments), convey, exchange, partition, divide, improve, and repair trust property.

e) To lease trust property for within or beyond the term of the Trust for any purpose, including exploration for and removal of gas, oil, and other minerals; and to enter into community oil leases, pooling and unitization agreements.

f) Where under this agreement the Trustee is granted discretion, his discretion shall be sole and absolute and any action taken or refrained from by him in good faith shall be binding and conclusive upon all persons and corporations interested therein.

g) To purchase property at its fair market value as determined by the Trustee, in the Trustee's discretion, from the probate estate of either Grantor.

h) To loan or advance the Trustee's own funds to the

Case: 95-31830   Doc# 389   Filed: 05/04/06   Entered: 05/09/06 14:30:17   Page 18 of 31

Trust for any trust purpose, with interest at current rates; to receive security for such loans in the form of a mortgage, pledge, deed of trust, or any other encumbrance of any trust asset; to purchase trust assets at their fair market value as determined by an independent appraisal of those assets; and to sell property to the trust at a price not in excess of its fair market value as determined by an independent appraisal.

i) To take any action and to make any election, in the Trustee's discretion, to minimize the tax liabilities of this Trust and its beneficiaries.

j) To borrow money and to encumber trust property by mortgage, deed of trust, pledge or otherwise.

k) To commence, defend or conduct litigations at the expense of the Trust, with respect to the Trust on any of its property as the Trustee may deem advisable, and to compromise or otherwise adjust any claims or litigations against or in favor of the Trust.

l) To carry insurance of such kinds and in such amounts as the Trustee deems advisable, at the expense of the Trust, to protect the Trust Estate or the Trustee from any hazard.

m) To withhold from distribution, in the Trustee's discretion, at the time for distribution of any property in this Trust, without the payment of interest, all or any part of the property, so long as the Trustee shall determine in the Trustee's discretion that such property may be subject

Case: 95-31830   Doc# 389   Filed: 05/04/06   Entered: 05/09/06 14:30:17   Page 19 of 31

to conflicting claims, to tax deficiencies, or to liabilities, contingent or otherwise, properly incurred in the administration of the estate.

n) On any final or partial distribution of the assets of the Trust Estate and on any division of the assets of the Trust Estate into shares or partial shares, the Trustee may distribute or divide such assets in kind, may distribute or divide undivided interests in such assets, or may sell all or any part of such assets and make distribution or division in cash or partly in cash and partly in kind. In making any division or final distribution of the Trust Estate, the Trustee shall be under no obligation to make a pro-rata division, or to distribute the same assets to beneficiaries similarly situated; but rather, the Trustee may, in the Trustee's discretion, make a non-pro-rata division between trusts or shares and non-prorata distributions to such beneficiaries, as long as the respective assets allocated to trust shares or separate trusts, or distributed to trust shares or separate trusts, or distributed to such beneficiaries, have equivalent or proportionate fair market value.

o) There need be no physical segregation or division of the various trusts except as segregation or division may be required by the termination of any of the trusts, but the Trustee shall keep separate accounts for the different undivided interests.

p) Except as otherwise provided for in this instrument,

Case: 95-31830   Doc# 389   Filed: 05/04/06   Entered: 05/09/06 14:30:17   Page 20 of 31

or by a Grantor's Will, federal estate taxes imposed on or by reason of the inclusion of any portion of the Trust Estate in the gross taxable estate of either Grantor under the provision of any tax law (federal) shall be paid by the Trustee and charged to, pro-rated among, or recovered from the Trust Estate or the persons entitled to the benefits under these trusts as and to the extent provided by any applicable tax law or any pro-ration statute. Except as otherwise permitted specifically, inheritance taxes shall be paid and charged to the Trust Estate or deducted and collected as provided by law.

q) Except as otherwise specifically provided for in this instrument, the determination of all matters with respect to what is principal and income of the Trust Estate and the apportionment and allocation of receipts and expenses between these accounts shall be governed by the provisions of the California Revised Uniform Principal and Income Act from time to time existing. Any such matter not provided for either in this instrument or in the California Revised Uniform Principal and Income Act shall be determined by the Trustee in the Trustee's discretion.

r) Among successive beneficiaries of this Trust, all taxes and other current expenses shall be deemed to have been paid and charged to the period in which they were paid.

s) Income accrued or unpaid on Trust Property when received into the Trust shall be treated as any other income. Income accrued or held undistributed by the Trustee at the termination

-10-

Case: 95-31830   Doc# 389   Filed: 05/04/06   Entered: 05/09/06 14:30:17   Page 21 of 31

of any Trust created here shall go to the next beneficiaries
of the Trust in proportion to their interest in it.

t)  The Trustee may hold securities or other property
held by it in trust pursuant to this Declaration in its name
as Trustee under this Declaration, in its own name without
a designation showing it to be Trustee under this Declaration,
in the name of its nominee, or the Trustee may hold such se-
curities unregistered in such condition that ownership will
pass by delivery.

ARTICLE VI:  SUCCESSOR TRUSTEE

### A.  Successor Trustee of Last Grantor

On the death of the last Grantor to die, or should
such Grantor after the death of the other Grantor, resign or
become unable, for any reason, to serve as Trustee of the Trusts
provided for in this Declaration, MRS. WILLIAM WAMSLEY of 1961
Meadow Brook Drive, Redding, California, shall forthwith become
the Trustee.

Should MRS. WILLIAM WAMSLEY resign or become unable
to serve as Trustee, then RONALD J. MOTTA of Fremont, California,
shall forthwith become the Trustee.

Any Successor Trustee of this Declaration shall succeed
to all title of the Trustee to the Trust Estate, and shall
have all the powers, rights, discretions, and obligations con-
ferred on such Trustee by this Declaration.

### B.  Resignation of Trustee

The Trustee may, at any time resign from the Trust

-11-

Case: 95-31830   Doc# 389   Filed: 05/04/06   Entered: 05/09/06 14:30:17   Page 22 of 31

hereby created, by depositing in the United States Mail, postage prepaid, a notice of such resignation addressed to the Grantors and to the persons or person then entitled to distribution hereunder at the addresses of such persons or person last known to the Trustee. Upon such resignation, the Grantors, if living, shall appoint a Successor Trustee. If the Grantor is deceased, the beneficiary then entitled to distribution from the Trust Estate shall have the power to appoint a Successor Trustee.

Such appointment shall be made in duplicate in writing, one copy to be delivered to the then Trustee and one copy to the Successor Trustee. The resigning Trustee shall be fully protected if these respective copies are delivered as stated. The resigning Trustee shall also be fully protected in delivering the Trust Estate to the Successor Trustee designated in such writing.

C. <u>Liability of Trustee</u>

The Trustee shall not be required to give any bond or surety. The Trustee shall not be liable for errors of judgment or mistakes of fact of law, but shall be liable only for his own receipts and willful defaults. No one dealing with the Trustee need see to the application of any payment made or property transferred to him or upon his order.

D. <u>Compensation of Successor Trustee</u>

Any non-beneficiary Trustee shall be entitled to reasonable compensation for services rendered by it or by counsel engaged by it. Such compensation for the Trustee and counsel

-12-

Case: 95-31830   Doc# 389   Filed: 05/04/06   Entered: 05/09/06 14:30:17   Page 23 of 31

shall be paid from the Trust Estate as the Trustee deems proper.

## ARTICLE VII:   ADMINISTRATION PROVISION

### A.   Notice to Trustee

Unless the Trustee shall have received actual written notice of the occurrence of an event affecting the beneficial interests of this Trust, the Trustee shall not be liable to any beneficiary of this Trust for distribution made as though the event had not occurred.

### B.   Emergency

If any Individual Trustee is unable to participate in Trust activities because of illness, disability, or any other reason, the Successor Trustee may, during any such incapacity, make any and all decisions regarding the Trust Estate as though it were the sole Trustee. In determining the disability of any of the Individual Trustees, the Successor Trustee may rely on a certificate or other written statement from two licensed physicians who have attended the Individual Trustee. In the absence of such a certificate or statement, the Successor Trustee shall petition the court having jurisdiction over this Trust for authority to proceed as sole Trustee, under authority of this paragraph. The Successor Trustee shall incur no liability to any beneficiary of the Trust or to the individual Trustee as a result of any action taken under this paragraph.

### C.   Perpetuity Provision

Unless sooner terminated by other provisions of this instrument, each Trust for a beneficiary hereunder shall terminate

-13-

Case: 95-31830    Doc# 389    Filed: 05/04/06    Entered: 05/09/06 14:30:17    Page 24 of 31

twenty-one (21) years after the death of the last to die of the Grantors and every other beneficiary named herein then living, and thereupon the principal of the Trust (and any undistributed net income) shall be distributed to the beneficiary free of trust.

   D.  Spendthrift Clause

   No interest in the principal or income of any Trust created under this instrument shall be anticipated, assigned, encumbered, or subjected to creditor's claim or legal process before actual receipt by the beneficiary.

   E.  Choice of Law Clause

   The validity of this trust and the construction of its beneficial provisions shall be governed by the laws of the State of California in force from time to time. This paragraph shall apply regardless of any change of residence of the Trustee or any beneficiary, or the appointment or substitution of a Trustee residing or doing business in another state.

   F.  Payments to Minors

   In any case where payment is to be made to or for the benefit of a minor, the Trustee may make such payment directly to such minor as an allowance, or to the parent or guardian of such minor, or to any other person having the care and control of the minor or with whom the minor may reside, and the receipt of any such person for any such payment shall be a complete discharge of the Trustee as to the amounts so paid.

   G.  Payments to Incompetents

   In any case where payment is to be made to an in-

Case: 95-31830   Doc# 389   Filed: 05/04/06   Entered: 05/09/06 14:30:17   Page 25 of 31

competent, the Trustee may make such payment to the guardian for the person or the conservator of the person of such incompetent.

### H. Powers by Incompetent

Unless otherwise specifically provided in this Declaration, all powers granted to any person by the provisions of this Declaration may be exercised by such person at any time during his or her life, except that if a guardian for the person or estate or a conservator of the person or property of any such person has been appointed by a court of competent jurisdiction, then neither such person nor any such guardian or conservator shall have any power to exercise any powers granted such person by any provision of this Declaration.

### I. Gender and Number Clause

As used in this instrument, the masculine, feminine, or neuter gender, and the singular or plural number, shall each include the others whenever the context so indicates.

### J. Severability Clause

If any provision of this Trust instrument is unenforceable, the remaining provisions shall nevertheless be carried into effect.

### K. Names of Trusts

The Trusts created in this instrument may be referred to collectively as the CAMILLO E. SIRIANNI AND CLEO F. SIRIANNI FAMILY TRUST.

Case: 95-31830 · Doc# 389   Filed: 05/04/06   Entered: 05/09/06 14:30:17   Page 26 of 31

## CERTIFICATION OF HUSBAND AND WIFE

We, and each of us, certify that:

1. We, and each of us, have read the foregoing Declaration of Trust;

2. The foregoing Declaration of Trust correctly states the terms and conditions under which the Trust Estate is to be held, managed, administered, and disposed of by the Trustee.

3. We, and each of us, approve such Declaration of Trust in all particulars; and

4. As the Trustee named in such Declaration of Trust, we and each of us, approve and accept the Trusts provided for in such Declaration.

EXECUTED on _March 3d_, 19 _77_, at _Santa Rosa_
_____, California.

_Camillo E. Sirianni_
CAMILLO E. SIRIANNI

_Cleo F. Sirianni_
CLEO F. SIRIANNI

-16-

Case: 95-31830   Doc# 389   Filed: 05/04/06   Entered: 05/09/06 14:30:17   Page 27 of 31

# AMENDMENT

This Amendment made this **14** day of **December**, 1982 by CLEO F. SIRIANNI as Surviving Grantor pursuant to Article I, Paragraph 6 of that certain Declaration of Trust executed by the Surviving Grantor and her husband, CAMILLO E. SIRIANNI, on March 3, 1977. This Amendment shall modify Article IV and Paragraph A. of Article VI of said Declaration. This Amendment shall become effective upon the date of execution by the Surviving Grantor. In all other respects, the Surviving Grantor republishes said Declaration of Trust dated March 3, 1977.

ARTICLE IV: DISTRIBUTION UPON DEATH OF THE SURVIVING SPOUSE

Upon the death of the Surviving Spouse, this trust shall become irrevocable and the Trustee shall distribute the remaining Trust Estate as follows:

1.   Distribution to CHARLES & EDITH ALLEN

The Trustee shall distribute the sum of Ten Thousand Dollars ($10,000) outright, free of trust, to CHARLES and EDITH ALLEN, 102 Oak Shadow Drive, Santa Rosa, California, or to the survivor of them. In the event both CHARLES and EDITH ALLEN fail to survive the Grantor, this gift shall lapse and be distributed pursuant to Paragraph 3. of this Article IV.

2.   Distribution to RAY & LEA STAGNARO

In the event "Andy", Grantor's pet cat survives CLEO F. SIRIANNI, the Trustee shall distribute the sum of Twenty Thousand Dollars ($20,000) to RAY and LEA STAGNARO, or to the survivor of

Case: 95-31830   Doc# 389   Filed: 05/04/06   Entered: 05/09/06 14:30:17   Page 28 of 31

them, 7316 Oak Leaf Drive, Santa Rosa, California, to be used as a fund for the feeding and vetinarian care for said cat. This fund is to be paid to RAY and LEA STAGNARO in installments as needed for the care of said cat. At the death of "Andy", the remaining fund shall terminate and the balance of the fund distributed to RAY and LEA STAGNARO, or to the survivor of them. In the event "Andy" fails to survive CLEO F. SIRIANNI, then this gift shall lapse.

3. Distribution of Remaining Trust Estate

The Trustee shall distribute the remaining Trust Estate, including any lapsed gifts, as follows:

(a) Thirty-six percent (36%) thereof to the SISKIYOU HUMANE SOCIETY of Dunsmuir-Mt. Shasta, California, or its successor in interest, free of trust;

(b) Thirty-six percent (36%) thereof to the SANTA ROSA HUMANE SOCIETY, Santa Rosa, California, or its successor in interest, free of trust;

(c) Twenty-eight percent (28%) thereof to the SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, San Francisco, California, or its successor in interest, free of trust.

ARTICLE VI: SUCCESSOR TRUSTEE

A. Successor Trustee of Last Grantor

On the death of the last Grantor to die, or should such Grantor after the death of the other Grantor, resign or become unable, for any reason, to serve as Trustee of the trusts provided or in this Declaration, MRS. IDA FOTI shall forthwith become the Trustee.

Should MRS. IDA FOTI resign or become unable or unwilling to serve as Trustee, then RONALD J. MOTTA of Fremont, California, shall forthwith become the Trustee.

Any Successor Trustee of this Declaration shall succeed to all title of the Trustee to the Trust Estate, and shall have all the powers, rights, discretions, and obligations conferred on such Trustee by this Declaration.

IN WITNESS WHEREOF, the Surviving Grantor has hereunto set her hand this _1st_ day of _Dec 1982_ , 1982.

12/14/82

_____
CLEO F. SIRIANNI

Case: 95-31830    Doc# 389    Filed: 05/04/06    Entered: 05/09/06 14:30:17    Page 30 of 31

# AMENDMENT NO. 2

This Amendment made this 23 day of April, 1993 by CLEO F. SIRIANNI, as Surviving Grantor pursuant to Article I, Paragraph 6. of that certain Declaration of Trust executed by the Surviving Grantor and her husband, CAMILLO E. SIRIANNI on March 3, 1977, as amended on December 14, 1982. This Amendment shall modify Paragraph 1. of Article IV of the Amendment dated December 14, 1982. This Amendment shall become effective upon the date of execution by the Surviving Grantor. In all other respects, the Surviving Grantor republishes said Declaration of Trust dated March 3, 1977, as amended on December 14, 1982.

**ARTICLE IV:** **DISTRIBUTION UPON THE DEATH OF THE SURVIVING SPOUSE**

1. **Distribution to HUMANE SOCIETY OF SONOMA COUNTY**

The Trustee shall distribute the sum of Ten Thousand Dollars ($10,000) outright, free of trust, to the HUMANE SOCIETY OF SONOMA COUNTY, or to their successor in interest.

IN WITNESS WHEREOF, the Surviving Grantor has hereunto set her hand this        day of 04/23, 1993.

_Cleo F. Sirianni_
CLEO F. SIRIANNI